UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON J. PERRY, an individual,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>THE UPPER DECK COMPANY, LLC, a Delaware limited liability company licensed to do business in the State of California; LUCA CONSTRUCTION, INC., formerly known as ADVANCED ANOMALY, INC., a Delaware corporation licensed to do business in the State of California; ADMINISTAFF COMPANIES II, LP, a Delaware limited partnership licensed to do business in the State of California; RICHARD P. McWILLIAM, an individual,<br><br>　　　　　　　　　　　　Defendants. | Civil No.　05CV-1329 LAB (CAB)<br><br>**ORDER:**<br><br>**(1) GRANTING EXPERT DISCOVERY EXTENSIONS; AND**<br><br>**(2) IMPOSING DISCOVERY SANCTIONS** |

　　On March 16, 2007, the Court held a telephonic discovery hearing regarding plaintiff's motion for extensions of expert discovery dates. Judi Sanzo, Esq., appeared for plaintiff. Craig Nicholas, Esq., appeared for defendant The Upper Deck Company; Jason Thornton, Esq., appeared for defendant Luca Construction, Inc.

　　Plaintiff did not serve his expert's report timely and seeks an extension. Defendants object and request that plaintiff's expert be precluded from testifying at trial. Both parties submitted letter briefs

1 directly to chambers.

2     Plaintiff's motion for expert discovery extensions is granted. The Court notes that discovery
3 dates in this matter have been continued at the parties' request a number of times. Expert reports were
4 initially due no later than October 2, 2006. At the request of the parties, the Court continued that date to
5 January 12, 2007. The date was then further continued, again at the request of the parties, to February
6 16, 2007.

7     Counsel for the parties then stipulated between themselves to continue the initial exchange of
8 expert reports to March 2, 2007. Counsel did not seek relief from the court-ordered February 16
9 deadline from the undersigned. On March 2, 2007, defendants served their expert's initial report
10 pursuant to the informal stipulation. Plaintiff, however, did not. Ms. Sanzo, plaintiff's counsel, did not
11 notify defense counsel in advance that the report would not be forthcoming. It was not until March 9,
12 2007, that plaintiff's counsel sent a letter to defense counsel addressing the delay, requesting an
13 extension, and proposing a new schedule. Defendant's counsel, however, declined to stipulate to further
14 extensions.

15     Plaintiff now seeks the Court's permission to serve the initial report and continue the related
16 expert deadlines. Ms. Sanzo represented to the Court that she was unable to reach plaintiff's designated
17 expert in the weeks before the deadline due to her trial schedule. She was therefore unable to confirm
18 whether the expert would be providing the report timely. It was not until March 9, 2007, that she was
19 able to speak with the expert personally and confirm a date by which the report would be ready. Ms.
20 Sanzo contends that allowing late service of the plaintiff's initial expert report will not prejudice
21 defendants because she set the defendants' expert report, served on March 2, aside. Neither she nor the
22 plaintiff's expert have reviewed the report.

23     Defendants claim they are prejudiced, because they served their report timely and without any
24 notice that plaintiff's expert report would not be produced simultaneously. Defendants argue that the
25 plaintiff's late report should not be allowed and plaintiff's expert should be precluded from testifying at
26 trial.

27     Defendants have not demonstrated any substantial prejudice from plaintiff's late service of the
28 expert's initial report. A refusal to allow service of the report and exclusion of plaintiff's expert,

however, would be extremely prejudicial to plaintiff. It is therefore ordered that the final and complete report of plaintiff's expert, in compliance with all the requirements of Rule 26, must be served no later than **March 21, 2007.** Rebuttal expert reports must be served no later than **April 4, 2007**. Expert discovery must be completed no later than **April 16, 2007**. All corresponding dates are vacated. All other dates remain the same.

Further, the Court finds a monetary sanction appropriate. "A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (citation omitted). Ms. Sanzo was aware prior to March 2, 2007, that she had not received her expert's report and could not meet the deadline. Ms. Sanzo provided no explanation for her failure to timely notify defendants' counsel of her inability to meet the agreed-upon schedule. This failure resulted in the present motion practice, which would have been unnecessary otherwise. It is therefore further ordered that Ms. Sanzo reimburse defendants' counsel in the amount of $500 for the expenses incurred as a result of her failure to comply with the report exchange date and timely notify counsel of her inability to do so. Payment shall be made to the firm of Marks, Golia & Finch no later than **March 26, 2007**.

**IT IS SO ORDERED.**

**DATED: March 16, 2007**

_____
CATHY ANN BENCIVENGO
**United States Magistrate Judge**