# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON J. PERRY, an individual,<br><br>                     Plaintiff,<br>vs.<br><br>THE UPPER DECK COMPANY, LLC, a Delaware limited liability company licensed to do business in the State of California; LUCA CONSTRUCTION, INC., formerly known as ADVANCED ANOMALY, INC., a Delaware corporation licensed to do business in th State of California; ADMINISTAFF COMPANIES II, L.P., a Delaware limited partnership licensed to do business in the State of California; RICHARD P. McWILLIAM, an individual; and DOES 1 through 100, inclusive,<br><br>                     Defendants. | CASE NO. 05cv1329-LAB (CAB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Plaintiff, a former employee of Defendant Upper Deck Company, LLC ("Upper Deck"), seeks damages for alleged willful violation of the Fair Labor Standards Act ("FLSA") as well as damages and declaratory and injunctive relief for alleged violations of several California state statutes regulating labor and business practices. The essence of the complaint is that Defendants misclassified the employment of Plaintiff and others and, by so doing, avoided paying overtime wages as required by law. Although the First Amended Complaint ("FAC") mentions other employees besides Plaintiff, Plaintiff is seeking damages only on his own behalf.

1  Defendants Upper Deck and Richard McWilliam ("McWilliam") moved for summary
2  judgment. They contend Defendant McWilliam cannot be considered Plaintiff's employer and
3  therefore cannot be responsible for failure to pay wages or any of the other California state claims.
4  They contend Plaintiff's cause of action for conversion of wages is untenable because the amount
5  owed is uncertain. They further contend Plaintiff's claims under conversion, unjust enrichment
6  (quantum meruit), and Cal. Bus. & Prof. Code § 17200 are untenable because California's Labor Code
7  provides the exclusive remedy. Finally they maintain summary judgment is appropriate because
8  Plaintiff was properly classified as exempt from overtime pay under the Fair Labor Standards Act.
9  They argue Perry spent the majority of his working time as a project manager, regularly exercising his
10 discretion and independent judgment in performing his work. Plaintiff opposes the motion.

11 Defendants Upper Deck and McWilliam have also requested the Court take judicial notice of
12 a California state court ruling, involving the same Defendants and somewhat similar facts, *Luca*
13 *Construction v. Markoff*, No. GIN044456 (San Diego Superior Ct., June 12, 2006).

**I.  Legal Standards**

15 Federal Rule of Civil Procedure 56(c) empowers the court to enter summary judgment on
16 factually unsupported claims or defenses, and thereby "secure the just, speedy and inexpensive
17 determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 327 (1986). Rule 56
18 allows a party to move for summary adjudication on any part of a claim or defense. *See* Fed. R. Civ.
19 P. 56(a)–(d). Summary judgment or adjudication is appropriate if the "pleadings, depositions, answers
20 to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no
21 genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of
22 law." Fed. R. Civ. P. 56(c); *see also Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919
23 (9th Cir. 2001).

24 The moving party bears the initial burden of demonstrating the absence of a "genuine issue of
25 material fact for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). If the movant
26 meets his burden, the burden shifts to the nonmovant to show that summary adjudication is not
27 appropriate. *Celotex*, 477 U.S. at 317, 324. The nonmoving party cannot oppose a properly supported
28 summary adjudication motion by "rest[ing] on mere allegations or denials in his pleadings."

*Anderson*, 477 U.S. at 256. The nonmovant must go beyond the pleadings to designate specific facts showing that there are genuine factual issues that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

Only admissible evidence may be considered in deciding the motion. Fed. R. Civ. P. 56(e); *Beyene v. Coleman Sec. Serv., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988). In addition, the nonmovant's evidence is to be believed and all justifiable inferences are to be drawn in his favor. *Id*. at 255. Determinations regarding credibility, the weighing of evidence, and the drawing of legitimate inferences are jury functions, and are not appropriate for resolution by the court on a motion for summary adjudication. *Id.*

## II.  Judicial Notice

As noted above, Defendants Upper Deck and McWilliam have asked this Court to take judicial notice of a ruling in a California state court action involving some of the same parties and a somewhat similar fact pattern. This Court may take notice of the records of an inferior court in other cases. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir.1980). The Court finds this record relevant as having some bearing on the Court's analysis of the issues in this case. Therefore, the request for judicial notice is **GRANTED**.

## III.  Factual Analysis

The parties agree Upper Deck paid employee wages to Plaintiff from January 1, 2001 through December 7, 2003 and issued him a Form W-2 for the years 2001 through 2003. (Joint Statement of Undisputed Facts in Furtherance of Motion for Summary Judgment ("Joint Statement"), §§ 1, 9.) Defendant Rocci Construction, Inc. ("Rocci") paid Plaintiff employee wages from December 8, 2003 through August 1, 2004 and issued him a Form W-2 for these two years. (*Id.*, §§ 2, 9.) Defendant Luca Construction Inc. ("Luca") paid Plaintiff employee wages from August 2, 2004 through December 31, 2004. (*Id.*, § 3.) Defendant Administaff Companies II issued him a Form W-2 for 2004. (*Id.*, § 10.) Plaintiff was employed even earlier, beginning in April, 1998, although it is disputed whether he was employed by Upper Deck or McWilliam. (*Compare* Perry Decl. at 2:4 *and* Memo of P. & A. in Supp. of Mot. for Summ. J. ("Memo"), at 3:1–2.) Defendants also present evidence that McWilliam, in his personal capacity, never issued Plaintiff a W-2. (*Id.* at 3:6–7.)


Defendants Upper Deck and McWilliam present evidence that McWilliam has been an officer of Upper Deck from April, 1998 until the present, and that he has been president, treasurer, and secretary of Luca since August 29, 2002. (Memo at 2:20–27.) They also present evidence describing Plaintiff's duties while employed by the various Defendant companies, and how he was supervised. (*Id.* at 3:9–5:3, 5:14–25.)

Plaintiff contests Defendants' evidence regarding for whom he worked. Plaintiff offers evidence in the form of his own declaration stating Defendant McWilliam was his employer. (Opp'n to Mot. for Summ. J., ("Opp'n") at 2:19–3:9.) Plaintiff contends an employee may have joint employers or co-employers. (*Id.* at 6:4–8.) Defendants apparently do not dispute this point. Plaintiff also offers evidence that Defendant McWilliam controlled the employers who issued his W-2 forms, (Opp'n at 6:8–10), and that Plaintiff was working as McWilliam's personal assistant, on McWilliam's personal business, rather than the business of Upper Deck or the other companies identified as employers. (*Id.* at 7:11–16, 25–26.) He declares he believes Upper Deck's business involves selling sports memorabilia (Perry Decl. at 2:10–22), while Defendant McWilliam had him work on McWilliam's own "personal tasks, residences, vehicles and possessions." (Opp'n at 7:14–16; *see also* Perry Decl., ¶ 9 (detailing personal tasks).) He declares his duties never changed during the course of his employment, and that the only change was which entity issued his paycheck. (Opp'n at 7:8–11.) In essence, Plaintiff argues, and presents evidence, that even if Upper Deck, Luca, and Rocci were his employers, Defendant McWilliam was a co-employer.

Plaintiff also contends he was not exempt from overtime wages. He focuses his argument on the nature of the work he performed and how he was supervised, rather than the amount of his compensation or the method by which it was determined. (Opp'n at 9:3–26.) As Perry describes his work in his declaration, it consisted largely of moving and caring for McWilliam's personal property, maintaining his residential properties, maintaining his vehicles, driving, making purchases as directed by McWilliam, and, in short "performing diverse errands, chores and handyman tasks for Mr. McWilliam." (Perry Decl. at 3:12–23.) He declares he generally did not supervise any other employees, except when assigned an assistant by McWilliam or McWilliam's secretary, or when directed by McWilliam to hire a "day laborer" to help him with his work. (*Id.* at 4:1–3, 5:6–9.)

Plaintiff presents no argument or evidence opposing Defendants' contention that the conversion claim should be dismissed.

**IV.   Discussion**

    **A.   Conversion, Unjust Enrichment (Quantum Meruit), and § 17200 Claims**

Defendants cite *Green v. Party City Corp.*, 2002 WL 553219, *4–*5 (C.D.Cal. 2002) for the principles that the claim for unpaid wages cannot be brought under a conversion theory, and that the California Labor Code supplants these two common-law claims and the § 17200 claim. The Court cautions Defendants that this unpublished opinion, issued in 2002, is not citable even under the newly modified Ninth Circuit rules. *See* Circuit Rule 36–3. However, the Court has reviewed the published and fully citable authorities cited in *Green* and has relied on them. *See Cortez v. Purolator Air Filtration Products*, 23 Cal.4th 163 (2000) (holding that a plaintiff who recovered under § 17200 could not also recover on a conversion theory); *Kraus v. Trinity Management Services*, 23 Cal.4th 116 (2000).

The arguments presented in *Green* and in Defendants' Memo have apparently persuaded Plaintiff, who does not oppose this substantial argument. The cited authority, however, does not show that the California Labor Code's remedies supplant those provided for under § 17200. In *Cortez*, the court held the plaintiff <u>was</u> entitled to proceed under § 17200, even after the trial court had granted her summary judgment on the Labor Code Claim. Absent further explanation, the Court will not grant summary judgment on the § 17200 claim.. The Court, however, finds summary judgment is appropriate on the conversion and unjust enrichment claims.

    **B.   Classification of Plaintiff as Exempt Under the FLSA**

As 29 C.F.R. § 541.2 explains, "A job title alone is insufficient to establish the exempt status of an employee. The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part." Defendants cite requirements incorporated by reference, now codified at 29 C.F.R. § 541.200(a). These provide that an employee employed in a bona fide administrative capacity means an employee meeting certain salary and responsibility requirements and "[w]hose primary duty is the

/ / /

performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers . . . ." § 541.200(a)(2).

In his opposition, Plaintiff pointed to evidence from which a jury could find a large part of his duties included manual labor and work unrelated to the management or general business operations of Upper Deck or the other entities Defendants contend were Plaintiff's employers. For example, Plaintiff refers to transporting, storing, and loading furniture, art, and other personal property belonging to McWilliam, repairing residential properties, maintaining McWilliam's personal vehicles, delivering goods, and performing general errands and repairs. (Perry Decl. at 3, ¶ 9.)

In their Reply, however, Defendants only briefly address the portion of Plaintiff's opposition in which he addresses the nature of his work. Without reaching the question of whether Plaintiff's job required the exercise of discretion and independent judgment, the Court holds a reasonable jury could, on the basis of the evidence Plaintiff identifies, find Plaintiff's job did not primarily consist of "office or non-manual work directly related to the management or general business operations of the employer or the employer's customers . . . ." This alone is an adequate basis on which a jury could find Plaintiff was not an exempt employee. The Court therefore finds this triable issue of material fact renders the summary adjudication of this issue inappropriate.

### C. Defendant McWilliam's Status as Employer

Defendants cite authority for the principle that under California law a corporate officer, such as McWilliam, is not an employer merely because he hired Plaintiff, set Plaintiff's salary, supervised his duties, or dominated corporate affairs. (Memo at 9:6–11) (citing *Reynolds v. Bement*, 36 Cal.4th 1075 (2005); *Jones v. Gregory*, 137 Cal.App.4th 798 (Cal.App. 4 Dist. 2006).) Defendants do not argue McWilliam would not be considered an employer under the FLSA, but rather focus on his joint liability for Plaintiff's California state law claims. (Amended Notice of Motion at 2:17–24 (requesting the claims against Defendant McWilliam <u>based on California statutes</u> be summarily adjudicated in his favor on the basis that such claims cannot be brought against a corporate principal).) (*See also* FAC, ¶¶ 36, 37, 39 (citing Cal. Lab. Code §§ 501, 1194, 1198.)) Both *Reynolds* and *Jones*, however, implicitly accept the proposition that status as a joint employer could give rise to liability for wages, and Defendant does not contest this portion of Plaintiff's argument.

As noted above, the Court has granted this request, but finds this ruling to be of limited use. First, it carries only persuasive weight. Second, the paragraph dealing with Defendant McWilliam is brief and depends wholly on the holding in *Reynolds*, which this Court is already considering. The tentative ruling indicates that, under *Reynolds*, Defendant McWilliam was not personally liable for wages owed to a different employee merely because he was a principal of that employee's employers and induced those employers to fire her.

If Plaintiff were merely alleging and presenting evidence that Defendant McWilliam served as an officer of Plaintiff's employers and directed Plaintiff's work, this would, under *Reynolds*, be an insufficient basis on which to hold Defendant McWilliam liable for unpaid wages. *See Reynolds*, 36 Cal.4th at 1087 ("[C]orporate agents acting within the scope of their agency are not personally liable for the corporate employer's failure to pay its employees' wages.") However, Plaintiff is also alleging, and offering evidence to show much of his work was not done for Upper Deck or the other entities, but for Defendant McWilliam personally. Plaintiff presents his own declaration as evidence McWilliam directed his work, his duties included numerous personal tasks for Defendant McWilliam and McWilliam's wife, and his work for McWilliam took precedence over all other work. (Perry Decl., at 3:11–4:1; 4:23–24.). He also presents evidence his job included keeping McWilliam and McWilliam's wife's personal data confidential even from employees of Upper Deck, Rocci, and Luca. (*Id.* at 4:11–15.) In directing Plaintiff to perform these tasks, Plaintiff argues, McWilliam could not have been acting simply in his role as a principal of the employing entities, but must have been acting, at least in part, on his own behalf. (Opp'n at 2:22–3:2.)

Although Plaintiff contends Defendant McWilliam's dominance of the employing entities should be considered as part of the analysis, the *Jones* opinion, relying on *Reynolds*, makes clear this is an inadequate basis on which to find a principal personally liable for wages. *Jones*, 137 Cal.App.4th at 803.

Plaintiff also offers evidence suggesting Defendant McWilliam transferred his employment from entity to entity. (Perry Decl. at 4:18–20; Opp'n at 2:25–3:1.) Although the evidence is not explicit on this point, the Court believes a jury that believed Plaintiff's evidence could reasonably infer McWilliam did this for his own personal convenience and not in the scope of his duties as principal

of the entities concerned, as Plaintiff has argued. (*See* Opp'n at 7:4–6 ("[H]e was hired by McWILLIAM and shuffled between the payrolls of these various entities at the whim of McWILLIAM.")) Defendants offer explanations for these transfers but at this stage the Court does not weigh the evidence. *Beyene*, 854 F.2d at 1181. Plaintiff also points out that his duties and the conditions of his employment remained substantially the same even though he was transferred between employing entities. (*Id.* at 7:6–11.)

In short, Plaintiff is contending *Reynolds* and *Jones* do not preclude claims against Defendant McWilliam because McWilliam, in employing Plaintiff, was not "acting within the scope of [his] agency" — or, at least, that this was true with regard to a substantial amount of Plaintiff's employment. *Reynolds*, 36 Cal. 4th at 1087. (*See* Opp'n at 7:11–14 ("McWILLIAM was not acting as a corporate agent of UPPER DECK when he put PERRY on its payroll; instead, McWILLIAM was acting in his own, personal financial self-interest."))

Neither *Reynolds* nor *Jones* identifies a statutory definition of "employer" under California law; rather, each relies on common law principles, such as those governing the liability of corporate principals. *Reynolds*, 36 Cal.4th at 1086–87 (holding that statutes are construed in light of the common law unless the Legislature clearly and unequivocally indicates otherwise) (citation omitted); *Jones*, 137 Cal.App.4th at 804 ("[T]he presumption is that the common law definition of an employer applies . . . .") Other than arguing *Reynolds* held that a corporate principal can never be an employer, Defendants do not address the definition of employer. Plaintiff cites FLSA and California Industrial Welfare Commission standards for determining co-employer status. (Opp'n at 4:19–6:10.) However, in light of *Reynolds*' reliance on the common law definition of employer, the Court cannot rely on these definitions here.

*Reynolds* sheds light on this issue when it cites two older cases, *Oppenheimer v. Robinson*, 150 Cal.App.2d 420, 424 (1957) and *Oppenheimer v. Moebius*, 151 Cal.App.2d 818, 820 (1957). There, the courts held the supervisory employees were not personally liable for unpaid wages, in part because they did not contract with the plaintiff. Implicit in this holding is the principle that, if they had been party to the employment agreement, they could be held liable. Here, although the evidence is in conflict, Plaintiff has presented evidence from which a jury could conclude Defendant McWilliam

himself employed Plaintiff for his own personal benefit beginning in 1998 (Perry Decl. at 2:4), after which McWilliam transferred Plaintiff's employment to various entities as a matter of convenience while keeping Plaintiff's duties and conditions of employment the same.  If a jury were to so find, it could reasonably infer Defendant McWilliam was also an employer, in addition to the other entities that nominally employed Plaintiff.  Even though the parties have agreed Upper Deck, Rocci, and Luca employed Plaintiff, this does not preclude a finding that Defendant McWilliam was a joint employer.  If this were the case, Defendant McWilliam could be jointly liable to Plaintiff on the state law claims.

Whether Defendant McWilliam was an employer of Plaintiff therefore presents a triable issue of material fact and precludes summary adjudication.

## V. Conclusion and Order

For these reasons, the motion brought by Defendants McWilliam and Upper Deck for summary adjudication of all claims on the basis that Plaintiff was an exempt employee is **DENIED**. Summary adjudication of all claims against Defendant McWilliam on the basis that he was not an employer is **DENIED**.  Summary adjudication of the conversion and unjust enrichment claims is **GRANTED**. Summary adjudication of Plaintiff's claims brought under Cal. Bus. & Prof. Code § 17200 is **DENIED**.

**IT IS SO ORDERED**.

DATED: May 11, 2007

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge